FILED

OCT 2 4 2012

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. S1-4:12CR00190 HEA (FRB) |
| ) | |
| CARLA SIERRA MATHEWS, ) | |
| a/k/a "Black Barbie," and "Sierra," and ) | |
| CARL MATHEWS, ) | |
| Defendants. | |

## SUPERSEDING INDICTMENT

### COUNT ONE

CONSPIRACY—18 U.S.C. § 1594(c)

The Grand Jury charges that:

A.   OBJECTS OF THE CONSPIRACY

Beginning at a time unknown to the Grand Jury but including January 2010 and continuing thereafter to and including December 2011, in Saint Louis County and elsewhere in the Eastern District of Missouri, the defendants

**CARLA SIERRA MATHEWS, a/k/a "Black Barbie," and "Sierra," and
CARL MATHEWS**

did knowingly and willfully combine, conspire, confederate and agree with each other, and with others known and unknown to the Grand Jury, to commit certain offenses against the United States, in and affecting interstate commerce to wit:

   i)   to recruit, entice, harbor, transport, provide, obtain and maintain by any means

women, and

ii) to benefit, financially and by receiving a thing of value, from participation in a venture which has engaged in recruiting, enticing, harboring, transporting, providing, obtaining and maintaining by any means women, in and affecting interstate commerce, knowing that means of threats of force, fraud and coercion and any combination of such means would be used to cause the women to engage in a commercial sex act.

All in violation of Title 18, United States Code, Section 1594(c).

B. MANNER AND MEANS OF THE CONSPIRACY

1. It was part of the plan and purpose of the conspiracy that Carla Sierra MATHEWS, Carl MATHEWS (collectively, the "defendants,") and others recruited and maintained women, physically assaulted them, and forced them to engage in prostitution in the Saint Louis metropolitan area for the financial benefit of the defendants.

2. It was further part of the plan and purpose of the conspiracy that Carla Sierra MATHEWS and Carl MATHEWS did transport the women to various locations in the Saint Louis metropolitan area, or caused them to be transported, including to a hotel along an interstate highway, where they would use physical force, physical restraint, threats and coercion to control and discipline and cause the women to engage in commercial sexual acts with others.

3. It was further part of the plan and purpose of the conspiracy that Carla Sierra MATHEWS did transport or arrange transport for a woman who was in the Saint Louis, Missouri area to the East Saint Louis, Illinois area for the purpose of having that woman and another female visit various strip clubs where they were required to meet potential customers for commercial sex acts.

4.      It was further part of the plan and purpose of the conspiracy that the defendants would require the women to engage in prostitution at various locations in the Saint Louis metropolitan area and would retain the money from these commercial sex acts for their financial benefit and that of others.

5.      It was further part of the plan and purpose of the conspiracy that the defendants would communicate with one another using cellular telephones and that Carla Sierra MATHEWS would communicate with prostitution customers using the same.

6.      It was further part of the plan and purpose of the conspiracy that the defendants would confiscate the food-stamp identification ("EBT") cards of the woman as a method of control and discipline and to deprive them of food and drink.

7.      It was further part of the plan and purpose of the conspiracy that Carla Sierra MATHEWS would provide suspected methylenedioxymethamphetamine ("MDMA") to the women as a method of control and coercion over them.

8.      It was further part of the plan and purpose of the conspiracy that the defendants would withhold access to medical treatment as a means of intimidation, control and dominion over the women and to conceal the use of physical force, physical restraint, threats and coercion used against the women.

C.      OVERVIEW OF THE CONSPIRACY

In furtherance of the conspiracy, and to accomplish the objects thereof, at least one of the co-conspirators committed or cause to be committed at least one of the following overt acts, among others in the Eastern District of Missouri:

1.      The Grand Jury incorporates by reference as overt acts the acts charged in Counts

Two and Three of this indictment.

### D.H. - January to May 2010

2.      Between, in or about January 2010 and May 2010 in the Eastern District of Missouri, defendants Carla Sierra MATHEWS and Carl MATHEWS harbored and maintained D.H. at their home and through force, threats of force, and coercion, took nude videos of D.H. dancing, that they threatened to post on the Internet.

3.      Between in or about January 2010 and May 2010, defendants Carla Sierra MATHEWS and Carl MATHEWS transported D.H. to a local hotel in Saint Louis County near an interstate highway and used the name of D.H. and the name of Carla Sierra MATHEWS to check into the hotel that the defendants intended to use for the purpose of having D.H. engage in commercial sex acts.

4.      Between in or about January 2010 and May 2010, Carla Sierra MATHEWS physically assaulted D.H. including such acts as strangling her, punching her in the face and threatening her with razor blades and knives if she did not make enough money as ordered by the defendants.

5.      Between in or about January 2010 and May 2010, Carla Sierra MATHEWS made appointments for D.H. to engage in commercial sex acts with men and Carl MATHEWS pressured D.H. to make money for him.

6.      Between in or about January 2010 and May 2010, defendants Carla Sierra MATHEWS and Carl MATHEWS caused D.H. to have sex with numerous men over several days for money and directed D.H. to give Carla Sierra MATHEWS all of the money from the sexual encounters.

7. Between in or about January 2010 and May 2010, after D.H. attempted to escape, Carla Sierra MATHEWS provided D.H. with suspected methylenedioxymethamphetamine ("MDMA") to coerce her and control her mood, and give her clothing and makeup with orders on how to conduct herself in preparation for commercial sex dates arranged by Carla Sierra MATHEWS.

8. Between in or about January 2010 and May 2010, defendants Carla Sierra MATHEWS and Carl MATHEWS and others did confine D.H. to a hotel room, and they would not return her personal belongings after they informed her that she could not leave when she asked to go home.

9. Between in or about January 2010 and May 2010, defendants Carla Sierra MATHEWS and Carl MATHEWS took the food-stamp identification ("EBT") card belonging to D.H. and used those benefits to buy food for themselves and, as a result, limited D.H.'s access to food.

### D.G.-June to October 2010

10. Between in or about June 2010 and October 2010 in the Eastern District of Missouri, the defendants Carla Sierra MATHEWS and Carl MATHEWS (collectively the "defendants") harbored and maintained D.G. at their home and through force, threats of force, and coercion, and threats of legal process took incriminating videos of D.G. that they threatened to post on the Internet.

11. Between in or about June 2010 and October 2010 the defendants pressured D.G. to work as a commercial sex worker.

12. Between in or about June 2010 and October 2010 the defendants and others

physically assaulted D.G. by punching her in the face, hitting her toes with a hammer, kicking her all over her body, and burning her. The burning included touching D.G. with lit cigarettes and using a lighter and hair spray as a homemade flame thrower to ignite household chemicals poured on D.G.

13. Between in or about June 2010 and October 2010 the defendants took clothing from D.G. and they locked her in a closet and they routinely isolated D.G.

14. Between in or about June 2010 and October 2010 Carla Sierra MATHEWS made appointments for D.G. to engage in commercial sex acts with men, and the communications with these men were conducted both in person and by the use of a cellular telephone or telephones.

15. Between in or about June 2010 and October 2010 Carla Sierra MATHEWS provided D.G. with suspected methylenedioxymethamphetamine ("MDMA") in preparation for commercial sex dates arranged by Carla Sierra MATHEWS.

16. Between in or about June 2010 and October 2010 Carla Sierra MATHEWS and Carl MATHEWS caused D.G. to perform commercial sex acts with men for money and directed D.G. to give Carla Sierra MATHEWS all of the money from the sexual encounters.

17. Between in or about June 2010 and October 2010 Carla Sierra MATHEWS recruited another person to watch D.G. and attend a commercial sex date with her. Carl MATHEWS provided transportation for this purpose and he took directions from Carla Sierra MATHEWS via cellular telephone regarding the same.

18. Between in or about June 2010 and October 2010 that same person accompanied D.G. on a commercial sex date and keep the money from the transaction to be delivered to Carla Sierra MATHEWS.

19. Between in or about June 2010 and October 2010 Carla Sierra MATHEWS and Carl MATHEWS took the food-stamp identification ("EBT") card belonging to D.G. and used those benefits to buy food for themselves and withheld food from D.G.

### COUNT TWO

### SEX TRAFFICKING--18 U.S.C § 1591

The Grand Jury further charges that:

Between in or about January 2010 and May 2010, within the Eastern District of Missouri and elsewhere, the defendants

**CARLA MATHEWS, a/k/a "Black Barbie," and "Sierra," and,
CARL MATHEWS**,

did knowingly, together and with others known and unknown to the grand jury, and while aiding and abetting each other, did the following acts knowing that force, threats of force, fraud and coercion and any combination of such means would be used to cause "D.H." to engage in commercial sex acts:

(a) defendants Carla Sierra Mathews, a/k/a "Black Barbie," and "Sierra," and Carl Mathews, did, in or affecting interstate commerce: recruit, entice, harbor, transport, provide, obtain and maintain by any means "D. H."; and

(b) defendants Carla Sierra Mathews, a/k/a "Black Barbie," and "Sierra," and Carl Mathews did benefit financially and by receiving a thing of value from participation in a venture that engaged in commercial sex acts.

In violation of Title 18, United States Code, Sections 1591(a)(1) and Section 2, and punishable under Title 18, United States Code, Section 1591(b).

## COUNT THREE

### SEX TRAFFICKING–18 U.S.C § 1591

Between in or about June 2010 and in or about October 2010, within the Eastern District of Missouri and elsewhere, the defendants

**CARLA SIERRA MATHEWS, a/k/a "Black Barbie," and "Sierra," and
CARL MATHEWS,**

did knowingly, together and with others known and unknown to the grand jury, and while aiding and abetting each other, did the following acts knowing that force, threats of force, fraud and coercion and any combination of such means would be used to cause "D.G." to engage in commercial sex acts:

(a) defendants Carla Sierra Mathews, a/k/a "Black Barbie," and "Sierra," and Carl Mathews, did, in or affecting interstate commerce: recruit, entice, harbor, transport, provide, obtain and maintain by any means "D. G."; and

(b) defendants Carla Mathews, a/k/a "Black Barbie," and "Sierra," and Carl Mathews, did benefit financially, and by receiving a thing of value from participation in a venture that engaged in commercial sex acts.

In violation of Title 18, United States Code, Sections 1591(a)(1) and Section 2,

-8-

and punishable under Title 18, United States Code, Section 1591(b).

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney


_____
NOELLE C. COLLINS, #53115MO
Assistant United States Attorney